UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRE LEWIS,

               Plaintiff,

-against-

LAZ PARKING LTD, LLC; JUAN IRIZARRY,

               Defendants.

25-CV-2341 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but his responses are insufficient for the Court to determine that he is unable to pay the filing fees. Plaintiff alleges that he is currently unemployed, but he does not answer the questions on the IFP application asking for his last date of employment and his gross monthly wages at the time. Plaintiff indicates that he has not received income from any source over the past 12 months, and he does not provide an answer to the question asking him to explain how he is paying his living expenses. Plaintiff also indicates that he has a negative balance in his checking and/or savings account, no personal or real property, and no debts or financial obligations. Plaintiff did not answer the question on the form asking him to describe his monthly expenses, including expenses for housing and transportation. Finally, Plaintiff states that he has a dependent child, but, again, he provide no information about any expenses related to the child.[1] Because Plaintiff did not provide answers to several questions

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that

on the IFP application, including the question asking how he is paying his living expenses without any source of income, the Court is unable to conclude at this time that he is unable to afford the filing fees.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 24-CV-2341 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. Plaintiff should answer all applicable questions on the application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. Nor will the Court address Plaintiff's various motions, including his motion for preliminary injunctive relief, until Plaintiff pays the filing fees for submits an IFP application demonstrating that he cannot pay the filing fees.[2] If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

refer to a minor child must refer to the child by using only the child's name's initials, not the child's full name. Fed. R. Civ. P. 5.2(a)(3). Plaintiff, in his IFP application, seems to refer to a minor child using the child's full name. Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the IFP application to a "case participant-only" basis. Any further documents Plaintiff submits in this action must comply with Rule 5.2(a)(3) by referring to a minor child by using only the child's initials.

[2] The Court notes that, after Plaintiff filed the complaint in this action, he filed a "motion to seal" this case. (ECF 8.) Until the Court can address Plaintiff's motion, the Court has directed the Clerk of Court to restrict access to the electronic docket in this action to a "case participant-only" basis.

2

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 24, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge