```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE LEWIS,

                Plaintiff,

-against-

LAZ PARKING LTD., LLC, et al.,

                Defendants.

25-CV-02341 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's diversity of citizenship jurisdiction, asserting claims of breach of contract, defamation, and tortious interference with business relationships. Dkt. No. 1 ("Complaint" or "Compl."). By order dated April 17, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Dkt. No. 12.

For the reasons set forth below, the Court: (1) denies Plaintiff's motion to proceed under seal (Dkt. No. 8); (2) directs service on Laz Parking, Ltd., LLC ("Laz Parking"); and (3) directs Laz Parking to provide an address at which Juan Irizarry may be served.

**DISCUSSION**

**I.    MOTION TO SEAL**

Plaintiff has filed a motion to seal this action. Dkt. No. 8. Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597–99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91–92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The Second Circuit has set forth a three-part analysis to determine whether, under the common law, a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119–20 (2d Cir. 2006).

---

[1] The application to proceed *in forma pauperis* ("IFP") that Plaintiff filed with the complaint was inadequate. *See* Dkt. No. 4. By order dated March 24, 2025, the Honorable Laura Taylor Swain, in her capacity as Chief Judge, directed Plaintiff to pay the filing fees or submit an amended IFP application. Dkt. No. 9. Plaintiff filed an amended IFP application on April 8, 2025. Dkt. No. 11.

*First*, the Court must determine whether the document at issue is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Complaints are considered judicial documents for the purpose of this analysis. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139–40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). The same is true with respect to a court's own decisions and orders. *See Hardy v. Equitable Life Assurance Soc'y of the United States*, 697 F. App'x 723, 725–26 (2d Cir. 2017); *Ferrand v. Credit Lyonnais*, 106 F. Supp. 3d 452, 455 (S.D.N.Y. 2015).

*Second*, the Court must determine the weight of the presumption of access. "It is plain that a complaint is a judicial document to which the presumption of access attaches . . . because the complaint 'is highly relevant to the exercise of Article III judicial power' and the complaint 'invokes the powers of the court, states the causes of action, and prays for relief.'" *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020) (quoting *Bernstein*, 814 F.3d at 142). Moreover, "[u]nder the First Amendment analysis, complaints have historically been publicly accessible by default and such access allows the public to 'understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern.'" *Id.* (quoting *Bernstein*, 814 F.3d at 141). "Notwithstanding this presumption of access, portions of the complaint may be kept under seal if 'countervailing factors in the common law framework or higher values in the First Amendment framework,'" including the attorney-client privilege. *Id.* (quoting *Lugosch*, 435 F.3d at 124 (internal quotation marks omitted)).

*Third*, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). Generally, the privacy interests considered are those of innocent third parties. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

Here, the crux of Plaintiff's claims in this action is that he entered into a settlement agreement with Defendant Laz Parking, which included non-disparagement and confidentiality provisions, and that Defendants have breached those provisions and caused Plaintiff professional and reputational harm. In his motion, Plaintiff requests that this case be sealed "to prevent further harm to Plaintiff's reputation and career prospects." Dkt. No. 8 at 1. He requests that access to "all filings, exhibits, and court records" be restricted to the parties, their counsel, and the court, and that the Court prevent disclosure of "case details" to third parties, "including the media, industry professionals, and the general public." *Id.* He maintains that public access to documents in this case "would further damage [his] professional reputation and business interests by exposing sensitive allegations and information to potential employers, clients, and industry stakeholders." *Id.* at 2.

Plaintiff's broad sealing request is denied. The Court finds that the documents submitted in this case are "judicial document[s]," to which the public is presumed to have a right of access. *See Bernstein*, 814 F.3d at 139–40. Furthermore, the contents of Plaintiff's submissions, taken

as a whole, are not sufficiently extraordinary and, consequently, do not outweigh the strong presumption in favor of public access to them.

As for the Complaint and Plaintiff's other motions, the presumption of access may only be overcome by countervailing factors. Plaintiff seeks to place these documents under seal for privacy reasons and to protect his professional reputation. Courts have repeatedly held that the potential for a negative impact on a party's future business or social status does not outweigh the presumption of access. *See, e.g., Saadeh v. Kagan*, No. 20-CV-01945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (holding that "[t]he potential for a negative impact on a party's future business or social status does not outweigh the presumption of access" and collecting cases); *Zabolotsky v. Experian*, No. 19-CV-11832 (GHW), 2021 WL 106416, at *3 (S.D.N.Y. Jan. 12, 2021) (denying motion to seal case file "for the sake of [plaintiff's] livelihood and professional and personal reputation" because "[i]t is well-settled that neither generalized concerns of adverse publicity nor the possibility of future adverse impact on employment outweigh the presumption of public access" (internal quotation marks and citation omitted)); *Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VLB), 2018 WL 6411275, at *2 (S.D.N.Y. Dec. 6, 2018) (refusing to seal case records, finding plaintiff's "interest in privacy, professional reputation, and earning capacity" did not "outweigh the interest in public access to the record"); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470-71 (S.D.N.Y. 2017) (lifting seal and emphasizing that "[a] possibility of future adverse impact on employment . . . is not a higher value sufficient to overcome the presumption of access to judicial documents" (internal quotations omitted)).

Plaintiff's broad request that all documents in this action be placed under seal based on a possibility of damage to his professional reputation or business interests does not overcome the presumption of access. The Court therefore denies Petitioner's request to place this action under seal.

If, in the course of ligating this action, Plaintiff or Defendants wish to file documents that include information related to their previous settlement agreement, which Plaintiff alleges is confidential, they may request that the specific document be filed under seal or that access to that document be limited to case participants only. Similarly, guided by the above principles, Plaintiff may wish to amend his Complaint, or make a much narrower request that specific information in the Complaint be redacted from public view with particularized explanations substantiating the necessity of such relief.

This action currently has restricted viewing. The Court directs Plaintiff to notify the Court, **within 30 days of the date of this Order**, if he wishes to withdraw this action, amend his Complaint, or make a new request for narrow and specific redactions in the publicly-filed version of the Complaint. If Plaintiff does not notify the Court that he wishes to pursue one of these remedies within the time prescribed, the Court will direct the Clerk of Court to remove the viewing restrictions, and the action will proceed publicly.

## II. SERVICE ON LAZ PARKING

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Laz Parking through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.[3]

If the Complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so. *See In re Cases Filed by Pro Se Plaintiffs, This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024).

## III. *VALENTIN* ORDER

Plaintiff alleges that Irizarry resides in Texas, but he does not provide a Texas address at which Irizarry may be served. *See* Compl. ¶ 8. Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a service address for a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff alleges that Irizarry is an agent or employee of Laz Parking. *See* Compl. ¶ 8.

The Court directs counsel for Laz Parking to provide a service address for Irizarry. Counsel for Laz Parking must provide this information to Plaintiff and the Court **within 30 days of service upon Defendant Laz Parking**.

Once the Court has received this information, it will issue an order directing the U.S. Marshals to effect service on Irizarry at the address provided.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

[3] Service is governed by Rule 4 of the Federal Rules of Civil Procedure. Under Rule 4(c), a summons must be served with a copy of the Complaint. As the Clerk of Court has not issued summonses, Plaintiff's mailing and emailing of various documents to Defendants (Dkt. No. 10) does not constitute valid service under Rule 4.

4

## CONCLUSION

The Clerk of Court is respectfully directed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Laz Parking, and to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

It is hereby ORDERED that Plaintiff's motion to seal the entirety of this action, or the entirety of the Complaint, is DENIED. It is further ORDERED that Plaintiff must notify the Court, **within 30 days of the date of this Order**, if he wishes to withdraw this action, amend his Complaint, or make a new request for specific and narrowly-tailored redactions with appropriate explanations of the basis for such redactions. If Plaintiff does not notify the Court that he wishes to pursue one of these remedies within the time prescribed, the Court will direct the Clerk of Court to remove the viewing restrictions on the public docket, and the action will proceed publicly. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's address of record and terminate Dkt. No. 8.

It is further ORDERED that counsel for Defendant Laz Parking shall provide a service address for Defendant Irizarry **within 30 days of service upon Defendant Laz Parking**.

Dated: April 23, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge