UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE LEWIS,

               Plaintiff,

-against-

LAZ PARKING LTD., LLC, et al.,

               Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2025
```

25-CV-02341 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

     On March 20, 2025, *pro se* Plaintiff Andre Lewis filed the Complaint in this action. *See* Dkt. No. 1 (the "Complaint"). On April 17, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. *See* Dkt. No. 12. On June 6, 2025, a waiver of service on behalf of Defendant Laz Parking Ltd., LLC ("Laz Parking") was filed, which was executed on May 30, 2025. *See* Dkt. No. 17. On June 11, 2025, Plaintiff filed a letter seeking clarification on the deadline for Laz Parking to respond to the Complaint, arguing that the proper deadline is June 30, 2025, based on his reading of the Federal Rules of Civil Procedure. *See* Dkt. No. 18.

     As referenced in the waiver of service, pursuant to the Court's Standing Order of December 30, 2013, any defendant who returns a completed, dated, and signed Acknowledgment of Receipt of Service by Mail ("Acknowledgment Form") within thirty days of receiving the form from the Marshals Service will have *sixty* days from the date the defendant or defendant's agent mails or delivers the completed Acknowledgment Form to the Marshals Service to file and serve an answer or motion in response to the complaint." *In re Extending Time to Answer After United States Marshals Service Effects Service on a Defendant by Mail Under N.Y. C.P.L.R. § 312-a*, 13 Misc. 0438 (S.D.N.Y. Dec. 30, 2013) (emphasis in original). Assuming Laz Parking mailed the waiver of service the same day it was executed, on May 30, 2025, then Laz Parking has until **July 29, 2025** to answer, move, or otherwise respond to the Complaint, which is properly indicated on the docket..[1]

     In its April 23, 2025 Order, the Court also ordered Laz Parking to provide a service address for Defendant Irizarry within 30 days of service upon Laz Parking. Dkt. No. 14 at 5. On June 12, 2025, counsel appeared on behalf of Laz Parking and Defendant Irizarry. Dkt. Nos. 19 & 20. Without prejudice to any arguments related to service, the Court's directive that Laz Parking shall provide a service address for Defendant Irizarry is vacated. It is further

---

[1] Absent a substantiated showing to the contrary, the Court shall treat Laz Parking's executed waiver of service as timely. The waiver of service does not indicate when Laz Parking received the Acknowledgement Form. *See* Dkt. No. 17.

ORDERED that Defendant Irizarry shall answer, move, or otherwise respond to the Complaint no later than **July 29, 2025**.

    Finally, the Court has not received any communication or contact from Plaintiff regarding the alternate remedies provided in the Court's April 23 Order denying Plaintiff's motion to seal the entirety of this action and/or the Complaint. *See* Dkt. No. 14 at 5. Accordingly, for the reasons stated in the April 23 Order, the Clerk of Court is respectfully directed to remove the "case participant-only" access restriction to the electronic docket, specifically Dkt. Nos. 1–2, 5–12, and 15–19, and, going forward, this action shall proceed publicly unless new circumstances arise that necessitate the sealing or redacting of particular documents, which the Court will address as they arise.

    The Clerk of Court is further respectfully directed to mail a copy of this Order to Plaintiff's address of record.

    The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: June 13, 2025
       New York, New York

                                                     SO ORDERED.

                                                     MARGARET M. GARNETT
                                                     United States District Judge