```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE LEWIS,

                Plaintiff,

-against-

LAZ PARKING LTD., LLC, et al.,

                Defendants.

25-CV-02341 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    On July 30, 2025, the Court ordered Defendant Laz Parking, Ltd., LLC ("Laz Parking") to file a corporate disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. Dkt. No. 25. On August 4, 2025, Laz Parking filed a corporate disclosure statement, representing that its only member is LAZ Karp Associates, LLC, which is "owned" by (i) New Laz Park Partners, Inc., a Connecticut corporation; (ii) LAZ Investments, LLC, whose sole member is a Connecticut resident; (iii) and AMF Oscar Investments, LLC, whose members are AIA Oscar Sidecar LLC and ALP Oscar Holdings LLC.

    "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). Where a complaint premised on diversity of citizenship names a limited liability company, or LLC, as a party, all natural persons who are members of the LLC, as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC must have diverse citizenship from the opposing party. *See Platinum-Montar Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Further if the members of an LLC are also LLCs, "the citizenship of the members of those LLCs must also be given, and must be diverse." *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320 322 (S.D.N.Y. 2016); *see also 400 E. 62nd Properties, LLC v. Grupo Cinemex, S.A. DE C.V.*, No. 20-CV-04917 (JLR), 2025 WL 1224716, at *2 (S.D.N.Y. Apr. 28, 2025) ("[I]f any of Plaintiff's members are themselves noncorporate entities, then Plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.").

    Laz Parking's corporate disclosure statement is deficient—Laz Parking does not indicate who the member(s) of AIA Oscar Sidecar LLC or ALP Oscar Holdings LLC are or the citizenship of such members.

    **By August 22, 2025**, Laz Parking must file an amended corporate disclosure statement that expressly identifies the citizenship of all its members, including AIA Oscar Sidecar LLC and

ALP Oscar Holdings LLC. If by this date, Laz Parking fails to amend its corporate disclosure statement, and the Court is unable to assess whether there is complete diversity of citizenship, then the action may be dismissed for lack of subject matter jurisdiction without further notice to any party. *See, e.g., Coward v. Nat'l R.R. Passenger Corp.*, 757 F. Supp. 3d 297, 299–300 (E.D.N.Y. 2024).

Dated: August 5, 2025
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge