USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE LEWIS,

                  Plaintiff,

-against-

LAZ PARKING LTD., LLC, et al.,

                  Defendants.

25-CV-02341 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On March 20, 2025, *pro se* Plaintiff Andre Lewis filed this action arising out of certain alleged statements by Defendant Juan Irizarry, an employee of Plaintiff's former employer, Defendant Laz Parking Ltd., LLC ("Laz Parking"). *See* Dkt. No. 1. In sum, Mr. Lewis alleges that Irizarry's statements harmed him in various ways because they were false and defamatory, as well as in breach of a certain settlement agreement between him and Laz Parking. Mr. Lewis subsequently filed various motions for preliminary relief, including a motion for a protective order under Rule 26(c), a motion for expedited discovery, and a motion for a temporary restraining order and preliminary injunction. Dkt. Nos. 5–7.

      On July 29, 2025, Defendants moved to dismiss the Complaint. Dkt. No. 22. The next day, on July 30, 2025, the Court set a briefing schedule on Defendants' motion to dismiss. Dkt. No. 25. On August 1, 2025, Mr. Lewis filed an opposition to the motion to dismiss, Dkt. Nos. 29 & 31, but then filed an amended complaint a few days later on August 4, 2025. Dkt. No. 37. Under the Federal Rules of Civil Procedure, Local Rules, and this Court's Individual Rules & Practices, plaintiffs may **either** oppose a motion to dismiss **or** file an amended complaint, not both, but because Mr. Lewis is proceeding *pro se*, as a one-time courtesy, the Court shall treat the amended complaint as timely and procedurally proper, and therefore Defendants should respond to the amended complaint no later than **August 18, 2025**. If Defendants file either a new or supplemental motion to dismiss, Plaintiff's opposition shall be due no later than **September 15, 2025**, and Defendants' reply shall be due no later than **September 29, 2025**. Accordingly, Defendants' original motion to dismiss is DENIED as moot, without prejudice to renewal, and the Clerk of Court is respectfully directed to TERMINATE Dkt. Nos. 22 and 43 (Lewis' notice of a motion to strike or deny Defendants' motion to dismiss).

      Over the past week, Mr. Lewis has filed numerous motions and other submissions, all of which are premature or otherwise unwarranted. Thus, for substantially the reasons stated in Defendants' letter-motion, dated August 8, 2025, Dkt. No. 53, the Court shall DENY all of them for the reasons that follow. The Court recognizes that Mr. Lewis cares a great deal about this dispute. **However**, the Court warns Mr. Lewis that he must **stop** filing frivolous motions or other frivolous or premature submissions, and that he risks the imposition of financial sanctions of this behavior continues, which wastes Court resources and imposes additional undue costs on Defendants. *See Lask v. Rhee-Karn*, No. 24-CV-02666 (MMG) (RWL), 2025 WL 1983441

(S.D.N.Y. May 6, 2025) ("A court may sanction a party under its inherent power to deter abuse of the judicial process where there is . . . clear evidence that the conduct at issue is (i) entirely without color and (ii) motivated by improper purposes.") (internal references omitted).

*First*, Mr. Lewis' motion for sanctions and default judgment, Dkt. No. 47, is denied because (i) Mr. Lewis has not demonstrated that Defendants' failure to initially file a complete Rule 7.1 disclosure statement was "egregious or deliberate conduct," given Defendants' active defense of this action, and there is no evidence of prejudice to Mr. Lewis as a result of Defendants' conduct, *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); and (ii) Defendants timely filed their motion to dismiss. There is no penalty for Defendants' compliance with the relevant rules of procedure and the Court's order.

*Second*, the various discovery motions filed by Mr. Lewis, Dkt. Nos. 5, 6, 40, and 41, are denied because the parties have not conferred as required by Rule 26(f), *see* Fed. R. Civ. P. 26(d), and the Court finds that there is no good cause for expedited discovery pending Defendants' anticipated response to the amended complaint. *See, e.g., Grecia v. Brass Lion Ent., Inc.*, No. 25-CV-01484 (JHR) (GS), 2025 WL 784912 (S.D.N.Y. Mar. 12, 2025).

*Third*, Mr. Lewis' motion for a temporary restraining order and preliminary injunction, Dkt. No. 7, is denied since Lewis has not established that "he will suffer an injury that is . . . actual <u>and imminent</u>, and one that cannot be remedied if a court waits until [the disposition of the case] to resolve the harm." *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (emphasis added). Where money damages can address an alleged breach of contract or alleged defamatory statements, the harm is not "irreparable," and Defendants assume the risk of increasing any eventual damages if they were to continue to violate their agreement with the Plaintiff. Finally, even assuming a valid agreement restricts Defendants from making certain statements to third parties about Mr. Lewis, Mr. Lewis has not shown that Defendants will or intend to make any such statements now or going forward. Accordingly, Mr. Lewis cannot satisfy the irreparable harm element required for the granting of either a temporary restraining order or preliminary injunction (both extraordinary remedies that are difficult to secure), and thus the Court need not consider other elements such as likelihood of success on the merits.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 5–7, 40–41, 43, 47, and 53, and to mail a copy of this Order to Plaintiff's address of record. Finally, it is hereby ORDERED that the parties shall appear for a conference on **Monday, August 25, 2025, at 11:00 a.m.**, in Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: August 12, 2025
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge