USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/7/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE LEWIS,

               Plaintiff,

        -against-

LAZ PARKING LTD., LLC and JUAN IRIZARRY,

               Defendants.

25-CV-02341 (MMG)

**<u>ORDER</u>**

MARGARET M. GARNETT, United States District Judge:

This is a breach of contract action brought by *pro se* Plaintiff Andre Lewis against his former employer Defendant Laz Parking Ltd., LLC, and its alleged agent Defendant Juan Irizarry. On August 18, 2025, Defendants moved to dismiss the amended complaint. Dkt. No. 56. The motion was fully briefed as of September 12, 2025. *See* Dkt. No. 69. This Order addresses Plaintiff's December 23, 2025 "motion for limited protective relief and clarification of the record." Dkt. No. 70. The motion seeks two forms of relief.

First, it seeks a "limited no-contact order" enjoining Defendants, their agents, and employees from contacting Plaintiff outside "of communications through counsel or as required by formal legal process." *Id.* at 4. Such relief is necessary, Plaintiff contends, because he has received phone calls from unidentified numbers, some of which have involved inquiries about his company, and at least one of which "took a distinctly threatening tone when [Plaintiff] asked whether the caller was affiliated with LAZ Parking." *Id.* at 1. The Court construes this as a request for a preliminary injunction. A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). To receive this remedy, Plaintiff needed to show "that he is likely to suffer irreparable harm in the absence of preliminary relief." *Id.* at 20. Plaintiff has not met this requirement. Although the "contact has

caused [him] significant concern and stress," that falls short of the "irreparable harm" necessary for the Court to award Plaintiff injunctive relief. Dkt. No. 70 at 1. Furthermore, Plaintiff has not plausibly alleged that Defendants, its agents, or employees are the people who have been calling Plaintiff. And it seems perfectly natural that Plaintiff would receive some phone calls inquiring about his company. Therefore, the Court will not issue a "no contact order" at this time, without additional evidence that could potentially satisfy the elements required to issue preliminary injunctive relief.

Second, the motion seeks to correct alleged "factual misrepresentations" contained in Defendants' reply brief. This request is inappropriate. It seeks to introduce further arguments challenging Defendants' motion to dismiss and Defendants' reply brief. Plaintiff had an opportunity to make arguments in his opposition brief. *See* Dkt. No. 59. He also had an opportunity to supplement his opposition brief. Dkt. No. 67. Plaintiff may not now introduce further arguments challenging the motion to dismiss, even if it is to correct what Plaintiff views as "factual misrepresentations." In deciding a motion to dismiss, the Court is generally limited to considering the face of the complaint (with few exceptions) and the legal arguments made in the briefs already submitted by the parties.[1] The Court can conduct that analysis without any further briefing.

---

[1] In addition, of course, when the Court considers the motion to dismiss, it must accept as true all facts in Plaintiff's Amended Complaint and draw all inferences in Plaintiff's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).

2

For all of these reasons, Plaintiff's motion is DENIED.  The Clerk of Court is respectfully directed to terminate Dkt. No. 70.


Dated:  January 7, 2026
        New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3