USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE LEWIS,

Plaintiff,

-against-

LAZ PARKING LTD., LLC, and JUAN IRIZARRY,

Defendants.

25-CV-02341 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an action by *pro se* Plaintiff Andre Lewis. Defendants are his former employer Laz Parking Ltd., LLC ("Laz Parking") and former co-worker Juan Irizarry. Before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC"). For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

### I. RELEVANT FACTS[1]

Plaintiff and Laz Parking executed a settlement agreement (the "Settlement Agreement") after his employment ended. Dkt. No. 37 ("FAC") ¶ 10. The Settlement Agreement contains a "Neutral Reference Clause" stating Laz Parking "would only confirm dates of employment and title" and a "Non-Disparagement Clause" barring "[Laz Parking] and its employees from making disparaging statements about Plaintiff." *Id.* Plaintiff alleges Defendants violated these provisions, as several prospective employers informed Plaintiff that Laz Parking had offered negative feedback in response to a reference check. *Id.* ¶¶ 11–12. As an example, Plaintiff cites

[1] The following facts are taken from the First Amended Complaint (Dkt. No. 37) or Plaintiff's opposition (Dkt. No. 59) and assumed true solely for purposes of resolving Defendants' motion to dismiss. The Court refers to the parties' memoranda in support of and in opposition to the motion to dismiss as follows: Dkt. No. 57 as "Mot."; Dkt. No. 59 as "Opp."; and Dkt. No. 68 as "Reply."

a statement from a "potential employer and business partner" named McLeod who informed Plaintiff that, after speaking with Laz Parking and Irizarry, he would not hire Plaintiff. *Id.* ¶ 14. Irizarry purportedly said:

> I would advise against you hiring and working with [Plaintiff]. He is a horrible leader, who was never around and was always missing. He failed to follow up with staff that reported to him. If he was unable to make it work at [Laz Parking], he won't be able to make it anywhere.

*Id.* Plaintiff alleges these statements were false and clearly disparaging. *Id.* ¶¶ 15, 23. Plaintiff also alleges Laz Parking told prospective employers it had terminated Plaintiff's employment and Plaintiff was "not re-hirable." Opp. at 11.

Additionally, Plaintiff alleges that a former Laz Parking employee named Nicholas Klytta contacted Plaintiff under false pretenses and "attempted to extract business information related to Plaintiff's company, ParkingVibe." FAC ¶ 16. Klytta also repeatedly checked Plaintiff's LinkedIn page. Opp. at 5. Plaintiff alleges Klytta's conduct "was retaliatory and interfered with Plaintiff's efforts to form new commercial partnerships." FAC ¶ 17.

## II. PROCEDURAL HISTORY

Plaintiff filed this lawsuit on March 20, 2025. Dkt. No. 1. An initial round of motion practice yielded the operative First Amended Complaint, which includes five counts. FAC ¶¶ 21–32. Count One alleges breach of contract against Laz Parking for violating the Neutral Reference Clause and Non-Disparagement Clause of the Settlement Agreement. *Id.* ¶¶ 21–23. Count Two alleges defamation against Irizarry for making "false, defamatory statements to prospective employers." *Id.* ¶¶ 24–25. Count Three alleges tortious interference against both Defendants for "intentionally and improperly interfer[ing] with Plaintiff's prospective business relationships." *Id.* ¶¶ 26–27. Count Four alleges intentional infliction of emotional distress

against both Defendants. *Id.* ¶¶ 28–29. And Count Five alleges retaliatory harassment and tortious interference against Laz Parking for Klytta's conduct. *Id.* ¶¶ 30–32.

Defendants move to dismiss each count. In a declaration accompanying the motion, Defendants include the Settlement Agreement. *See* Dkt. No. 56-2. In response, Plaintiff submitted an opposition that did not challenge the authenticity of the Settlement Agreement and purported to raise additional claims of retaliation in violation of the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981. Opp. at 4, 12–13.

## DISCUSSION

### I. LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

the moving party."). However, the Court need not accept as true conclusory assertions. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

In addressing a motion to dismiss, a court may consider documents attached to the complaint or incorporated by reference therein. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). "In the event that a plaintiff alleges a claim based on a written instrument, as is the case here, the court may consider such an instrument in ruling on a [motion to dismiss] even if it was not attached to the complaint." *Bill Diodato Photography LLC v. Avon Prods., Inc.*, No. 12-CV-00847 (RWS), 2012 WL 4335164, at *3 (S.D.N.Y. Sept. 21, 2012).

Plaintiff is proceeding *pro se*. "[T]he submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Additionally, "[a] district court deciding a motion to dismiss may consider factual allegations" that a *pro se* party raises for the first time in his opposition papers. *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013). "A *pro se* plaintiff may not raise 'entirely new' causes of action for the first time in his opposition papers, but the Court may consider new claims appearing for the first time in briefing if 'the claims could have been asserted based on the facts alleged in the complaint.'" *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (quoting *Vlad-Berindan v. MTA New York City Transit*, No. 14-CV-00675 (RJS), 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014)).

## II. COUNT ONE STATES A CLAIM FOR BREACH OF CONTRACT

Count One alleges that Laz Parking violated the Neutral Reference Clause and Non-Disparagement Clause of the Settlement Agreement. FAC ¶ 22. Defendants allege Texas law governs the Settlement Agreement. Mot. at 6 n.4. Under either Texas or New York law, breach

of contract requires a valid contract, performance by the plaintiff, breach, and damage flowing from the breach. *Crose v. Humana Ins. Co.*, 823 F.3d 344, 347 (5th Cir. 2016); *Cortes v. Twenty-First Century Fox Am., Inc.*, 285 F. Supp. 3d 629, 637 (S.D.N.Y. 2018). Defendants argue that Plaintiff has not sufficiently alleged a violation of either the Non-Disparagement Clause or the Neutral Reference Clause. Mot. at 6–9. Not so. The Neutral Reference Clause obligated Laz Parking to provide Plaintiff's title and dates of employment, only. As alleged, Laz Parking violated the Neutral Reference Clause by informing prospective employers Plaintiff was terminated and was "not re-hirable." *See* Opp. at 11. In addition, although Irizarry is not a party to the Settlement Agreement, he was a supervisory employee of Laz Parking and is alleged to have made disparaging comments about Plaintiff in his capacity as a Laz Parking manager, in a conversation in which at least one Laz Parking HR employee also participated. FAC ¶¶ 9, 14. At this stage of the case, his alleged disparaging comments can be imputed to Laz Parking and potentially form the basis of a breach of the Non-Disparagement Clause. Therefore, Defendants' motion to dismiss Count One is DENIED.

## III. COUNT TWO STATES A CLAIM FOR DEFAMATION

Count Two alleges Irizarry defamed Plaintiff by making "false, defamatory statements to prospective employees." *Id.* ¶ 24. This allegation seemingly derives from the following alleged statement by Irizarry to a prospective employer: "I would advise against you hiring and working with [Plaintiff]. He is a horrible leader, who was never around and was always missing. He failed to follow up with staff that reported to him. If he was unable to make it work at [Laz Parking], he won't be able to make it anywhere." *Id.* ¶ 14.

Defendants raise two arguments in support of their motion to dismiss Count Two. First, they argue Irizarry's statement about Plaintiff is "hypothetical" because Plaintiff does not explain

how Plaintiff learned of it. Mot. at 10. The plain text of the First Amended Complaint refutes this argument. Paragraph fourteen of the First Amended Complaint alleges a prospective employer named McLeod informed Plaintiff of a conversation he had with Laz Parking's human resources department and Irizarry. FAC ¶ 14. The statement from Irizarry appears in quotes immediately following that allegation and the words "[i]n that conversation, Irizarry stated:". *Id.* The rational inference is that Plaintiff learned of Irizarry's alleged statement from McLeod. Next, Defendants argue matters of opinion are non-actionable and Irizarry expressed matters of opinion, only. Mot. at 10. This argument ignores that, as alleged, Irizarry expressed verifiable facts about Plaintiff's conduct, which Plaintiff alleges were false. For example, Irizarry purportedly said that Plaintiff "was never around," "was always missing," and "failed to follow up with staff that reported to him." FAC ¶ 14.

As neither of Defendants' arguments withstand scrutiny, their motion to dismiss Count Two is DENIED.

## IV. COUNT THREE STATES A CLAIM FOR TORTIOUS INTERFERENCE

Count Three alleges tortious interference due to Defendants improperly interfering with Plaintiff's business relationships. *Id.* ¶ 26. Defendants argue Plaintiff cannot state a claim for tortious interference because "Plaintiff has not identified a single *verifiable* business relationship that has been impacted by Defendants' alleged actions here." Mot. at 12 (emphasis in original). But the First Amended Complaint identifies two specific entities with which Plaintiff alleges he lost business opportunities due to Defendants' negative references. *See* FAC ¶¶ 13–14, 27. Therefore, Plaintiff's tortious interference claim does not fail for lack of specificity, and the motion to dismiss Count Three is DENIED.

## V. COUNT FOUR FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Count Four alleges intentional infliction of emotional distress against both Defendants. FAC ¶ 28. To plead intentional infliction of emotional distress, both Texas and New York law require "extreme and outrageous" conduct. *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004); *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (N.Y. 1993). Such conduct must be "beyond all possible bounds of decency" and "utterly intolerable in a civilized" community. *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56 (N.Y. 2016); *McCollum v. Baldwin*, No. 22-CV-07328 (ER), 2023 WL 5392684, at *10 (S.D.N.Y. Aug. 22, 2023). Plaintiff complains of the following conduct: Laz Parking informing prospective employers that Plaintiff was terminated and not re-hirable; Irizarry stating Plaintiff did not show up to work and did not supervise staff well; and Klytta calling Plaintiff under false pretenses to "extract business information" and repeatedly checking his LinkedIn page. Opp. at 5, 11; FAC ¶ 14. Even drawing all inferences in Plaintiff's favor, this conduct is not "extreme and outrageous." Accordingly, Count Four is DISMISSED.

## VI. COUNT FIVE FAILS TO STATE A CLAIM FOR RETALIATORY HARASSMENT

In Count Five, Plaintiff alleges "retaliatory harassment and tortious interference" against Laz Parking for the conduct of Klytta. FAC ¶¶ 30–32. Fatal to Plaintiff's claim, he does not allege that Laz Parking somehow directed Klytta's conduct, who Plaintiff admits was a "former . . . employee" of Laz Parking. *Id.* ¶ 16. Klytta's conduct also cannot amount to "tortious interference" given Plaintiff has not plausibly explained how Klytta's actions harmed Plaintiff's business or any existing business relationship. Therefore, Count Five is DISMISSED.

## VII. PLAINTIFF CANNOT RAISE RETALIATION CLAIMS UNDER THE NYSHRL, NYCHRL, OR SECTION 1981

In his opposition papers, Plaintiff also purports to allege retaliation under the NYSHRL, NYCHRL, and Section 1981. Opp. at 12–13. Plaintiff lacks a cause of action under any of these statutes given that he does not claim discrimination based on any protected characteristics, nor does he allege he engaged in "protected activity" within the meaning of those statutes. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14–15 (2d Cir. 2013) (describing standards for retaliation under the NYSHRL and Section 1981); *Pouncy v. Advanced Focus LLC*, No. 15-CV-06260 (JMF), 2017 WL 4280949, at *6 (S.D.N.Y. Sept. 25, 2017), *aff'd*, 763 F. App'x 134 (2d Cir. 2019) (describing standards for retaliation under the NYCHRL and Section 1981). He also cannot state a claim under the NYSHRL or NYCHRL given Defendants were not his employers during the relevant period.

## CONCLUSION

For all of the reasons stated above, the motion to dismiss is GRANTED as to Counts Four and Five, only. The motion to dismiss is otherwise DENIED. By separate Order, the Court will refer the parties to the Count-annexed mediation program.

Dated: September 10, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge